1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10  SIENG D. LE,
11          Plaintiff,                    No. CIV S-05-1879 PAN
12      vs.
13  JO ANNE B. BARNHART,
    Commissioner of Social Security,
14
            Defendant.                    ORDER
15  _____/

16          This action, which is before a magistrate judge for entry of final judgment
17  pursuant to the consent of the parties, 18 U.S.C. § 636(c), was transferred to the undersigned
18  upon the retirement of the magistrate judge originally assigned.  On March 17, 2006, defendant
19  filed a motion to dismiss along with her cross-motion for summary judgment.  In her motion to
20  dismiss, defendant argues that plaintiff's complaint was not timely filed.  District Court review of
21  the final decision of the Commissioner must generally be made within sixty days of receipt of the
22  notification of denial from the Appeals Council.  42 U.S.C. § 405(g).  This sixty-day period is
23  properly characterized as a statute of limitations, see Weinberger v. Salfi, 422 U.S. 749, 763-64,
24  95 S.Ct. 2457, 2466 (1975), and can be expressly waived by the Commissioner upon a showing
25  of good cause, 20 C.F.R. § 416.1482.  In addition, the statute of limitations can be equitably
26  tolled.  Bowen v. New York, 476 U.S. 467, 480, 106 S.Ct. 2022, 2030 (1986).  Tolling of the

statute of limitations is appropriate where "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" Bowen, 476 U.S. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976); see also Schweiker v. Hansen, 450 U.S. 785, 788-89 (1981)(holding that Plaintiff must establish affirmative misconduct to toll the statute of limitations); Morgan v. Heckler, 779 F.2d 544 (9th Cir. 1985).

In the six months since defendant filed her motion to dismiss, plaintiff, represented by counsel, has not responded.  As such, plaintiff has not offered any argument regarding the merits of defendant's motion, including whether defendant expressly waived the statute of limitations or the applicability of equitable tolling.  Such a response is necessary as this is not such a case where the motion to dismiss can be decided on the face of the complaint.  See Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 119 (9th Cir. 1980); see also Jablon v. Dean Witter & Co., 614 F.2d 677 (9th Cir. 1980)("[Dismissal should be granted] only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.")

Accordingly, IT IS HEREBY ORDERED that plaintiff file a response to defendant's motion to dismiss within thirty days of this order.  Failure to respond may result in sanctions, including dismissal under local rule 11-110.  See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995)("Failure to follow a district court's local rules is a proper ground for dismissal.")

DATED: September 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

13/Le.ord.response to mtd.ss.wpd