IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIENG D. LE,

    Plaintiff,                    No. CIV S-05-1879 PAN

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.                    ORDER

―――――――――――――――――――/

        This action is before a magistrate judge for entry of final judgment pursuant to the consent of the parties. 18 U.S.C. § 636(c). On March 17, 2006, defendant filed a motion to dismiss along with her cross-motion for summary judgment. In her motion to dismiss, defendant argued that plaintiff's complaint was not timely filed.

        After an order from the court, plaintiff responded to the Commissioner's motion to dismiss on October 18, 2006. In his response, plaintiff argues that equities favor tolling the 60-day statute of limitations. According to plaintiff, the prejudice incurred by defendant litigating Plaintiff's delayed motion is insufficient to warrant the harsh remedy of dismissal.

        Plaintiff received from the Commissioner a notice of final decision on July 2, 2005. AT 115-17. Upon receipt of a final decision of the Commissioner, plaintiff has 60 days to

1

file an appeal in the District Court. 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481. Plaintiff is presumed to have received his notification of denial five days after mailing. 20 C.F.R. § 416.1401. Plaintiff filed his complaint on September 16, 2005, 11 days after the appeal window closed on September 5, 2005. Plaintiff's failure to timely file requires dismissal.

      The 60-day period for filing a complaint with the District Court is properly characterized as a statute of limitations, see Weinberger v. Salfi, 422 U.S. 749, 763-64, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522, 537-38 (1975), and can be expressly waived by the Commissioner upon a showing of good cause, 20 C.F.R. § 416.1482. In addition, the statute of limitations can be equitably tolled. Bowen v. City of New York, 476 U.S. 467, 480, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986)(establishing principle of equitable tolling to protect plaintiffs denied benefits as a result of a secret agency policy). Tolling of the statute of limitations is appropriate where "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" City of New York, 476 U.S. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976).

      Plaintiff filed no request for waiver of the statute of limitations prior to September 5, 2005, and none was unilaterally granted by the Commissioner. Furthermore, plaintiff has failed to provide any grounds upon which the court may equitably toll the statute of limitations. The rationale for equitable tolling in Social Security cases is that plaintiffs who do not know of their claim should not be estopped from pursuing it. Johnson v. Shalala, 2 F.3d 918, 923 fn.2 (9th Cir. 1993). Plaintiff has made no showing in this case that he was unaware of his right to appeal or suffered from Government malfeasance. See Schweiker v. Hansen, 450 U.S. 785, 788-89 (1981)(holding that plaintiff must establish affirmative misconduct to toll the statute of limitations). The facts make it clear that plaintiff knew of his right to appeal. The Commissioner denied plaintiff's claim on January 25, 2001, notifying him at that time of his right to appeal within 60 days. Administrative Transcript (AT) 3. In response, plaintiff appealed the ALJ's findings to the District Court, eventually winning an order of remand on October 7, 2002. AT

139-40.  Notification of the Commissioner's final decision and the right to appeal that decision came on July 2, 2005.  AT 115-17.

Indeed, plaintiff has not shown any equity so great to make this one of the "rare case[s]" where tolling would be appropriate.  City of New York, 476 U.S. at 480-81, 106 S.Ct. at 2030.  The sole basis for defendant's request to toll the statute of limitations is that the Government has not been prejudiced by plaintiff's delay in filing and that, presumably, as a result, any dismissal of plaintiff's claim would lead to an unfair result.  Simple unfairness is not an adequate showing upon which to apply equitable tolling.  See Banta v. Sullivan, 925 F.2d 343, 345-46 (9th Cir. 1991)(affirming dismissal when claimant argued that it would be "unfair" to allow timeliness defense).

Plaintiff's reliance on Borzeka v. Heckler, 739 F.2d 444 (9th Cir. 1984), is misplaced.  In that case, the court ruled that dismissal for failure to comply with the technical service requirements of Fed. R. Civ. P. 4(d) was excusable in some cases where, among other factors, the opposing party received actual notice and suffered no prejudice.  Id.  The facts in this case differ greatly, and the test for prejudice under Fed. R. Civ. P. 4(b) is inapplicable.  In fact, while predating City of New York by two years, Borzeka reinforces the principle that equitable tolling is most applicable in cases of deception or violation of some duty toward a claimant.  Id. at fn. 3.

Even if the court were to apply Borzeka, the mere fact that the Commissioner answered the complaint prior to filing their motion to dismiss under Fed. R. Civ. P 12(b) does not preclude application of the statute of limitations or demonstrate that equitable tolling should apply.  See Morgan, 779 F.2d 544 (9th Cir. 1985)(affirming grant of summary judgment on estoppel issue).  In her answer, the Commissioner raised the statute of limitations as the first affirmative defense.  (Def.'s Answer 3:1-8.)  The statute of limitations defense is properly raised in a responsive pleading.  Fed.R.Civ.P. 8(c).  Some situations may permit the filing of a motion to dismiss prior to an answer when the running of the statute is apparent from the face of the

1  complaint.  <u>Conerly v. Westinghouse Elec. Corp.</u>, 623 F.2d 117, 119 (9th Cir. 1980).  However,
2  "test[ing]" the issue at the summary judgment stage is proper and does not indicate any absence
3  of prejudice sufficient to tip the balance of equities in favor of Plaintiff.  <u>Vernon v. Heckler</u>, 811
4  F.2d 1274, 1278 (9th Cir. 1987).

5       Plaintiff failed to file this case within the 60 day window permitted by the law and
6  regulations.  Equitable tolling of this statute of limitations is not appropriate.  Plaintiff has failed
7  to demonstrate any hardship sufficiently great that warrants deviation from the traditional
8  deference afforded agency decisions.

9       Accordingly, IT IS HEREBY ORDERED that defendant's March 17, 2006
10 motion to dismiss is granted.

11 DATED:  October 26, 2006.

UNITED STATES MAGISTRATE JUDGE

13
Le.ord.mtd.ss.wpd